UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MILOUS BROWN, | ) | CASE NO.: 4:16CV600 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| MICHELE MILLER, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Milous Brown. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Brown objects to nearly every aspect of the R&R. However, a majority of his objections lack any substantive argument. For example, with respect to ground one, Brown contends that the R&R erred when it found that there was sufficient evidence to support his conviction for gross sexual imposition. In his objection, Brown reiterates his belief that the juvenile victims were coached to give testimony against him as part of a custody dispute. However, as the R&R properly noted, a jury was entitled to believe the testimony of the victims. That testimony alone was sufficient to establish all of the elements of gross sexual imposition. Brown's objection on ground one, therefore, lacks merit.

In his second and third grounds, Brown asserted ineffective assistance of appellate counsel and trial counsel. To prevail on his ineffective assistance claim, Brown must show that the state court's conclusion was contrary to or unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* established the well-known two-pronged test for ineffective assistance of counsel claims: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Id*. at 687. When analyzing a *Strickland* claim under § 2254(d), our review is "'doubly deferential.'" *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009)). The key question "'is whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard.'" *Foust v. Houk*, 655 F.3d 524, 533–34 (6th Cir. 2011) (emphasis added) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011)).

With respect to his appellate counsel, the R&R concluded that Brown had failed to establish any prejudice from his counsel withdrawing following submission of the briefing but prior to the issuance of an opinion. Brown offers no substantive argument in his objection to this ground for relief. Instead, Brown asserts that he previously explained that he was without counsel during the

pendency of the appeal. However, as the R&R properly noted, Brown has never identified any legal argument or filing that could have been made on his behalf during this time period that would have been meritorious. As such, he cannot demonstrate any prejudice.

With regard to his claim that his trial counsel was ineffective, the R&R found that Brown had procedurally defaulted his claim. Brown does not address this legal conclusion other than to summarily claim that he is actually innocent. As noted above, there was sufficient evidence to support his conviction. As a result, any claim that his procedural default should be excused due to innocence cannot survive review.

With respect to ground four, the R&R found that Brown had only raised a state-law claim, i.e., a claim not cognizable in this federal habeas petition. While Brown's objections mention terms like due process, such arguments do not alter the fact that Brown's petition challenged a sentencing decision of the trial court that relied exclusively on state law provisions. The R&R properly concluded that such a claim is not cognizable in federal habeas proceedings.

In his final objection, Brown contends that the cumulative errors contained in his earlier grounds for relief, coupled with his argument in ground five, should have been found to warrant relief. Once again, however, the R&R thoroughly reviewed Brown's claim that he had "new evidence" that warranted a retrial. The R&R properly found even crediting the so-called "new" evidence would not have impacted the verdict. Accordingly, Brown's final objection also lacks merit.

I. **Conclusion**

Having found no merit to the objections raised by Brown, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

So ordered.

October 17, 2018                                 */s/ John R. Adams*
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE